UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN BOLGER-LINNA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC; WINTRUST INVESTMENTS, LLC; WINTRUST FINANCIAL CORP.; EQUINITI TRUST COMPANY, LLC; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-00539-RBM-VET<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND;**<br><br>**(2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT;**<br><br>**[Docs. 5, 6]** |

　　　Pending before the Court is Plaintiff Carmen Bolger-Linna's ("Plaintiff") Motion to Remand ("Motion to Remand"). (Doc. 6.) Plaintiff argues that this case should be remanded because removal was untimely based on the date of service, and diversity jurisdiction does not exist. (*See* Doc. 6-1.) Defendants Wintrust Investments, LLC, Wintrust Financial Corp., American Stock Transfer & Trust Company, LLC, and Equiniti Trust Company LLC (collectively, the "Defendants") filed an Opposition to the Motion to Remand on May 6, 2024 ("Opposition"). (Doc. 8.) On May 13, 2024, Plaintiff filed a

reply ("Reply"). (Doc. 9.) Also pending before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). (Doc. 5.)[1]

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand, **DENIES** Defendants' Motion to Dismiss as moot, and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.

## I. BACKGROUND

### A. Factual Background[2]

Plaintiff's husband, James Linna ("Decedent"), died on June 12, 2021. (Motion to Remand [Doc. 6-1] at 2.)[3] Prior to his death, Decedent purchased 128 publicly traded shares of Wintrust Financial Corporation (the "Shares"). (*Id*.) After Decedent's death, Plaintiff claimed ownership of the Shares pursuant to California's community property and intestate succession laws. (Compl. [Doc. 1-2] ¶ 8.) Despite having provided the requisite documentation to Defendants, Defendants have yet to reissue, replace, and/or transfer ownership of the Shares to Plaintiff. (*Id*. ¶¶ 10–11.)

### B. Procedural Background

On January 8, 2024, Plaintiff filed this action in the Superior Court of the State of California, County of San Diego, Case No. 37-2024-00000604-CU-BT-CTL. (Doc. 1-2,

---

[1] Plaintiff filed an Opposition to the Motion to Dismiss on May 6, 2024 (Doc. 7), and Defendants filed their Reply on May 13, 2024. (Doc. 10.) In their Motion to Dismiss, Defendants argue that Plaintiff fails to establish sufficient facts in support of her claims for breach of fiduciary duty, civil theft, conversion, fraud, and negligent misrepresentation. (Doc. 5 at 4–10.)

[2] The Court's summary of Plaintiff's Complaint below reflects Plaintiff's factual and legal allegations, not conclusions of fact or law by this Court.

[3] The Court cites the CM/ECF electronic pagination unless otherwise noted.

Complaint ["Compl."] at 8.) Plaintiff asserts six causes of action for breach of fiduciary duty, theft, fraud, negligent misrepresentation, conversion, and accounting. (*Id*. at 10–14.)

### 1. Service of Process

On January 18, 2024, Plaintiff mailed the Summons and the Complaint via certified mail to Defendants Wintrust Investments, LLC and Wintrust Financial Corporation (collectively, the "Wintrust Defendants"), Equiniti Trust Company LLC ("Equiniti"), and American Stock Transfer & Trust Company, LLC ("AST"). (Motion to Remand [Doc. 6-1] at 4; Doc. 6-2, Declaration of Douglas Jaffe ["Jaffe Decl."] ¶ 9.) Plaintiff addressed the mailings to the "Person Authorized to Receive Service of Process" and requested return receipts. (*See* Jaffe Decl. at 7–11, Ex. A; Doc. 8, Opposition ["Opp."] at 5.)

According to Plaintiff, the Wintrust Defendants and Equiniti received the mailed summons on January 18, 2024 and January 29, 2024, respectively. (Motion to Remand [Doc. 6-1] at 4; Jaffe Decl. ¶ 8.) On February 2, 2024, the Wintrust Defendants' counsel informed Plaintiff's counsel by telephone that the Wintrust Defendants had not been properly served. (Doc. 8-2, Declaration of Christina Rea Snider ("Snider Decl.") ¶ 3.) On February 20, 2024, counsel for Plaintiff and counsel for the Wintrust Defendants fully executed two Notice and Acknowledgment of Receipt forms pursuant to California Code of Civil Procedure Section 415.30 (the "Notice Forms"). (*See* Doc. 1-5 at 2–3.) A Notice and Acknowledgment of Receipt was not executed for the remaining Defendants.

### 2. Notice of Removal

On March 21, 2024, Defendants, collectively, removed this action to this Court based on diversity jurisdiction ("Notice of Removal").[4] (Doc. 1.) In the Notice of Removal, Defendants assert this Court has subject matter jurisdiction based on diversity jurisdiction. (*Id*. ¶ 4.) For diversity of citizenship, Defendants contend that the Wintrust Defendants are citizens of Illinois and Defendant Equiniti is a citizen of both New York and Delaware. (*Id*. ¶¶ 11–13.) Defendants assert that Defendant AST recently changed its

---

[4] Counsel for the Wintrust Defendants now represent all Defendants.

name to Equiniti and therefore is not a separate party. (*Id.* ¶ 14.) Additionally, Defendants argue that the amount-in-controversy in this case exceeds $75,000 because Plaintiff seeks compensatory damages equal to the value of the Shares at the time of the alleged conversion (est. $11,986)[5], punitive damages, treble damages, and attorneys' fees. (*Id.* ¶¶ 18–25.)

## II. LEGAL STANDARD

A defendant may remove a civil action from state court to federal court. 28 U.S.C. § 1441(a). The removing party "has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a strong presumption against removal jurisdiction. *Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990) and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. DISCUSSION

On April 22, 2024, Plaintiff filed the instant Motion to Remand the case back to state court, arguing that removal was untimely because Defendants were served through certified mail over thirty days before Defendants filed their Notice of Removal and Defendants failed to sufficiently establish a prima facie case of diversity jurisdiction. (*See* Motion to Remand [Doc. 6-1].) In their Opposition, Defendants respond that the time for

---

[5] Plaintiff also seeks to recover any profit Defendants may have derived by withholding the Shares. (Compl. ¶¶ 44-47.) According to Defendants, Plaintiffs' allegations support using the Complaint's filing date as the claim valuation date because "Defendants would have realized any alleged profit as of that date. (Doc. 1, Notice of Removal ["NOR"] ¶ 21.)

4

1 removal did not begin until Defendants were formally served through the execution of the
2 Notice Forms on February 20, 2024. (Opp. [Doc. 8] at 5.) In support of their position,
3 Defendants attach a declaration from attorney Christina Rea Snider explaining that she
4 informed Plaintiff's counsel, Douglas Jaffe, that the Wintrust Defendants had not been
5 properly served and subsequently agreed to accept service through a Notice and
6 Acknowledgment of Receipt. (Snider Decl. ¶¶ 3–4.) Snider also explained that Defendant
7 AST is now Equiniti due to a merger between the two entities. (*Id*. ¶ 12.) The Court
8 addresses each argument in turn.

### A. Timeliness of Removal

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Failure to remove an action within thirty days waives a party's right to remove. *Cantrell v. Great Republic, Inc.*, 873 F.2d 1249, 1256 (9th Cir. 1989). Failure to timely file a notice of removal is a procedural defect mandating remand to state court if a motion to remand is brought within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980) ("[T]he time limit is mandatory and a timely objection to a late petition will defeat removal.").

Here, the parties disagree over when the 30-day clock began to run. Plaintiff argues that the 30-day clock started on January 23, 2024 and January 29, 2024, when the summons and complaint were served via certified mail on the Wintrust Defendants and Defendant Equiniti, respectively. (Motion to Remand [Doc. 6-1] at 7–8.) Defendants respond that the 30-day period started on February 20, 2024, when the parties' counsel executed the Notice Forms, because Defendants had not been properly served by mail. (NOR [Doc. 1] ¶¶ 6–7; Opp. [Doc. 8] at 5–6.) Therefore, the timeliness of Defendants' Notice of Removal hinges on whether Plaintiff properly served the Wintrust Defendants and Defendant Equiniti in January 2024.

5

  "The issue of the sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds*, *California Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008). Section 415.40 provides in relevant part:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Civ. Proc. Code § 415.40. As Defendants are corporate entities, Plaintiff was also required to comply with Section 416.10 of the California Code of Civil Procedure, which states that a party can serve a corporation by delivering a copy of the summons and complaint "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a *person authorized by the corporation to receive service of process*." Cal. Civ. Proc. Code § 416.10(b) (emphasis added).

  Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Section 415.40. *See Victoriano v. Classic Residence Mgmt., LP*, No. 14-cv-2346-LAB (JLB), 2015 WL 3751984, at *2 (S.D. Cal. June 15, 2015) (citing *Dill v. Berquist Constr. Co.*, 24 Cal App. 4th 1426, 1439–40 (1994)). "[M]ere receipt of the complaint unattended by any formal service" is insufficient to trigger a defendant's time for removal. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). "There is no dispute that state law determines when formal service of process is effected." *HMG Benefit Servs., LLC v. Fringe Ins. Benefits, Inc.*, No. 07cv1704 DMS (LSP), 2007 WL 3333115, at *2 (S.D. Cal. Nov. 7, 2007). The California Supreme Court has also rejected the argument that service is effective upon receipt of the summons and complaint pursuant to Section 415.40. *See Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 249–50 (1985). Courts have determined that substantial compliance with Section

415.40 may be achieved if the summons was in fact received by one of the persons to be served pursuant to Section 416.10. *Dill*, 24 Cal. App. 4th at 1436–37.

In *Dill v. Berquist Construction Co.*, the court held that the plaintiff did not substantially comply with California's service of process statutes when he mailed the summons and complaint directly to the defendant corporations without addressing it to an individual to be served under Section 416.10. *Id*. at 1436. The return receipts for the mailings were signed by individuals who were employees of the defendant corporations but not necessarily agents. *Id*. at 1432. Although the plaintiff maintained that defendant's counsel had expressly acknowledged receipt of the summons, the court found there was no evidence of such acknowledgment. *Id*. Even if counsel had expressly admitted receipt, the court determined that "the mere fact that some employee of the corporation received the summons does not necessarily establish substantial compliance." *Id*. at 1438–39. "Rather, there must be evidence 'establishing actual delivery to the person to be served.'" *Id*. (quoting Cal. Civ. Proc. Code § 417.20(a)).

Plaintiff attempts to distinguish this case from *Dill*. She argues that she substantially complied with the statutory requirements by mailing the Summons and Complaint to Defendants' corporate addresses, directing the mailings to the "Person Authorized to Receive Service of Process," and receiving signed return receipts. (Motion to Remand [Doc. 6-1] at 7; Reply [Doc. 9] at 2.) Plaintiff contends that the signed return receipts show that the mailings were addressed, and therefore delivered to a "Person Authorized to Receive Service of Process" on behalf of the corporate defendants. (Reply [Doc. 9] at 2.) However, Plaintiff did not address the Summons to any specific person, does not identify which authorized individual purportedly received the Summons, and does not assert that the individuals who signed the return receipts were authorized to accept service on behalf of the corporate defendants. *See Dill*, 24 Cal. App. 4th at 1438 (noting that there was no evidence the recipient of the summons was defendant's agent or authorized to accept service of process)*; cf. Neadeau v. Foster*, 129 Cal. App. 3d 234, 236 (1982) (finding service was proper under Section 415.40 where the plaintiff's employee attested to the fact

that the return receipt's signatory was an employee authorized to sign and accept mail on behalf of the defendant). Plaintiff merely assumes that the mail was at some point directed and delivered to a person with authority to accept service on behalf of the corporations.

Plaintiff further contends that Defendants' counsel expressly acknowledged service through electronic and telephonic communications thereby demonstrating actual delivery of the Summons to the corporate Defendants. (Jaffe Decl. [Doc. 6-2] ¶ 10.) The electronic communication, however, does not reflect any express acknowledgment of receipt by Defendants' counsel. (*See id*. (Ex. B) at 14.). Instead, the messages from Defendants' counsel state that she represents Wintrust and requests a time to speak with Plaintiff's counsel. (*Id*.) In her declaration, Defendants' counsel explains that she informed Plaintiff's counsel that the Wintrust Defendants had not been properly served and subsequently agreed to accept service through the Notice Forms. (Snider Decl. ¶¶ 3–4.)[6] This is supported by the subsequent execution of the Notice Forms by counsel for both parties on February 20, 2024. (*See* Doc. 1-5; Snider Decl. ¶ 7.) Plaintiff therefore failed to substantially comply with the service-by-mail statutory requirements.

Pursuant to California Code of Civil Procedure Section 415.30, service is deemed complete once the Notice and Acknowledgment of Receipt has been executed and returned to the sender. *See Hillman v. PacifiCorp*, No. 2:21-cv-00848-MCE (CKD), 2022 WL 597583, at *5 (E.D. Cal. Feb. 28, 2022) (holding that email service was effective "on the date the 'acknowledgment of receipt of summons [wa]s executed and returned' ") (citing Cal. Civ. Proc. Code § 415.30(c)). Counsel's execution of the Notice Form completed Plaintiff's formal service of process under Section 415.30 and triggered the Wintrust Defendants' thirty-day period to file the Notice of Removal. *See* 28 U.S.C. § 1446(b). Accordingly, Defendants' removal on March 21, 2024, was timely.

---

[6] Defendants' counsel states that Equiniti does not believe, upon information and belief, that it has been properly served. (Snider Decl. ¶ 8.)

### B. Diversity Jurisdiction

District courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff argues that Defendants have not sufficiently established that complete diversity exists as between the parties and that the jurisdictional threshold has not been met. (Motion to Remand [Doc. 6-1] at 5–6.)

#### 1. Complete Diversity

Plaintiff contends that Defendants have not proven diversity of citizenship because Defendants have not sufficiently established that Defendant AST is owned by Defendant Equiniti and therefore share the same citizenship. (*Id.* at 5.) Defendants respond that Plaintiff does not contest their claim that AST recently changed its name to Equiniti and that AST's citizenship for diversity purposes is identical to Defendant Equiniti's citizenship. (NOR [Doc. 1] ¶ 14; Opp. [Doc. 8] at 6.)

"A corporation is deemed to be a citizen of the state of incorporation and the state of its principal place of business." *Muñoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981) (citing 28 U.S.C. § 1332(c)). For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Individuals are citizens of their state of domicile." *Muñoz*, 644 F.2d at 1365. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). "If a defendant carries its burden of presenting evidence that diversity of citizenship exists, the burden of production shifts to the plaintiff to rebut the evidence of diversity of citizenship." *Canesco v. Ford Motor Co.*,

570 F. Supp. 3d 872, 885 (S.D. Cal. 2021). "[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (internal quotation marks and citations omitted).

Here, Plaintiff alleges Defendants AST and Equiniti are limited liability companies doing business in California. (Compl. ¶¶ 2, 5.) However, in the Notice of Removal, Defendants allege that Defendant Equiniti's sole member is "Armor Holding II LLC, which was organized under the laws of New York and is registered in New York. Armor Holding II LLC's sole member is Armor Intermediate Company, LLC, which was organized under the laws of Delaware and is registered in Delaware. Armor Intermediate Company, LLC's sole member is Armor Holdco, Inc., which is incorporated in Delaware, and which has its principal place of business in New York." (NOR [Doc. 1] ¶ 13.)

Defendants also allege that Defendant AST recently changed its name to Equiniti and therefore is not a separate party. (*Id*. ¶ 14.) Plaintiff does not contest Defendants' allegation that Defendant Equiniti is a citizen and resident of New York and Delaware. Instead, Plaintiff argues Defendants have not met their burden in proving Defendant Equiniti's ownership of AST. (Motion to Remand [Doc. 6-1] at 5.) Plaintiff's failure to rebut Defendants' allegation that Defendant Equiniti, and by relation Defendant AST, is domiciled in New York and Delaware is fatal to her argument. *See Ayala v. Ford Motor Co.*, Case No. 20-cv-02383-BAS-KSC, 2021 WL 2644506, at *2 (S.D. Cal. June 28, 2021) (finding complete diversity where plaintiff did not contest defendant's allegations as to plaintiff's citizenship in California, but rather plaintiff only argued Defendant did not meet its pleading requirement to prove plaintiff's citizenship by the preponderance of the evidence). Plaintiff cites no evidence to rebut Defendants' evidence of Defendant Equiniti and Defendant AST's shared citizenship. (*See* Snider Decl. ¶ 12, Ex. B.) *See Potts v. Ford Motor Co.*, Case No. 3:21-cv-00256-BEN-BGS, 2021 WL 2014796, at *4 (S.D. Cal. May 20, 2021) ("Plaintiffs coyly evade addressing their own citizenship, instead arguing

Defendants carry the burden of proving diversity of citizenship … [but] [w]here the unrebutted evidence shows Plaintiffs reside in California, the Court may treat it as 'prima facie evidence of domicile and citizenship.'") (quoting *Kalasho v. BMW of N. Am. LLC*, Case No. 20-CV-1423-CAB-AHG, 2020 WL 5652275, at *2 (S.D. Cal. Sept. 23, 2020)). Thus, even if Plaintiff did contest Defendants' allegation of Defendant Equiniti's New York and Delaware citizenship, Plaintiff failed to meet her burden to rebut Defendants' evidence of Defendant AST renaming itself to Equiniti. *See Canesco*, 570 F. Supp. 3d at 885–87 (finding defendant adequately established diversity of citizenship where plaintiff failed to submit evidence combatting evidence from the sales contract of plaintiff's California residence and therefore defendant was entitled to the presumption of continued domicile); *Ha Nguyen v. BMW of N. Am., LLC*, Case No. 3:20-cv-02432-JLS-BLM, 2021 WL 2411417, at *3 (S.D. Cal. June 14, 2021) ("Plaintiff has not presented any facts to dispute that Plaintiff was domiciled at the address on the Purchase Agreement. … Similarly, Plaintiff has not presented any facts to indicate Plaintiff no longer resides at that address."). Defendants have thereby met their burden in establishing that Defendants Equiniti and AST share the same domicile in New York and Delaware.

Plaintiff also does not contest Defendants' allegations in their Notice of Removal that the Wintrust Defendants are citizens of Illinois. (*See* Motion to Remand [Doc. 6-1].) *See Canesco*, 570 F. Supp. 3d at 885 (accepting defendant Ford Motor Company as citizen of Delaware and Michigan where defendant's notice of removal alleged as much and plaintiff did not contest that assertion). The Court therefore finds the Wintrust Defendants are domiciled in Illinois and concludes that complete diversity exists in this case.

### 2. Amount in Controversy

The amount in controversy is not clear from the face of the Complaint. Defendants therefore bear the burden of showing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Plaintiff argues Defendants have not met their burden in establishing the amount in controversy exceeds $75,000 because Defendants include speculative and duplicative treble damages and punitive damages in the amount-in-controversy calculation. (Motion to Remand [Doc. 6-1] at 5–8.) Defendants respond that the amount in controversy exceeds the jurisdictional threshold because Plaintiff seeks, in aggregate, compensatory damages in the amount of the actual value of the Shares, punitive damages, attorneys' fees, and treble damages under California Penal Code Section 496(c). (Opp. [Doc. 8] at 8.)

The amount in controversy is "not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the "amount at stake in the underlying litigation." *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

The parties do not dispute that Plaintiff's compensatory damages equal the value of the 128 shares of stock that Defendants allegedly failed to transfer to her, which amounts to $11,968.[7] (NOR [Doc. 1] ¶ 19.) To avoid remand, Defendants must therefore establish that an additional $63,031 is in controversy.

---

[7] In her Reply, Plaintiff argues that the value of the shares, and thus the amount of compensatory damages, has decreased because Defendants have transferred 120 out of the 128 shares at issue to Plaintiff since the Notice of Removal was filed. (Reply [Doc. 9] at 3–4.) For purposes of diversity jurisdiction, however, the Court must analyze the amount

### a) Treble Damages and Punitive Damages

Plaintiff seeks treble damages under California Penal Code Section 496(c). (*See* Compl., Prayer for Relief.) Section 496 prohibits the receipt of stolen property when the property has been obtained in any manner constituting theft. Cal. Penal Code § 496(a). A plaintiff who was injured by receipt of stolen property under this provision may recover treble damages and attorneys' fees. *Id*. § 496(c). As treble damages under Section 496(c) are three times Plaintiff's alleged actual damages ($11,968), approximately $35,904 may be awarded in treble damages should Plaintiff prevail.

Because Plaintiffs have pled treble damages and punitive damages, Defendants reason that both are available and should therefore be included in the amount in controversy calculation. (Opp. [Doc. 8] at 8.) Although the amount of damages has been tripled under Section 496(c), Defendants also posit a potential punitive damages figure of $11,968, arguing that a "conservative" 1:1 ratio between compensatory and punitive damages supports a punitive damage assessment for amount in controversy purposes. (NOR [Doc. 1] ¶ 24.)

When actual and punitive damages are recoverable under a complaint's allegations, each must be considered in determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) and *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982)). Before they may be included, however, the party asserting jurisdiction must establish that punitive damages would be permitted under the applicable state law based on the conduct alleged. *See Davenport v. Mut. Ben. Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (noting that punitive, or exemplary, damages should not be included in the amount

---

at stake from the time that the complaint was removed to federal court. *Chavez*, 888 F.3d at 417–18 ("When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant.").

in controversy "if under the applicable state law [they] would be legally impossible to recover").

"California courts have held that a plaintiff cannot recover punitive damages as an additional recovery if a defendant is liable for a statutory penalty or multiple damages under a statute, the award is punitive in nature, and the award penalizes essentially the same conduct as an award of punitive damages." *Fassberg Constr. Co. v. Hous. Auth. of City of Los Angeles*, 152 Cal. App. 4th 720, 759–60 (2007), *as modified on denial of reh'g* (June 21, 2007) (citing cases). "To impose both a statutory penalty or multiple damages award and punitive damages in those circumstances would be duplicative." *Id.* (citing *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal.App.3d 218, 226–228 (1985) and *Marshall v. Brown*, 141 Cal. App. 3d 408, 419 (1983)); *see, e.g.*, *McCrum v. Gen. Motors LLC*, No. 2:23cv06984-SVW (PVC), 2023 WL 8234640, at *4 (C.D. Cal. Nov. 27, 2023) ("To the extent that Plaintiff has alleged both [a civil penalty and punitive damages], only one should be included in the amount in controversy calculation.").

Here, Defendants have not established that punitive damages and treble damages are jointly permissible under state law based on the conduct alleged. In support of their punitive damages estimate, Defendants cite to several jury verdicts involving similar claims such as breach of fiduciary duty, fraud, and conversion. (NOR [Doc. 1] ¶ 24.) Defendants, however, do not identify any comparable cases to show that punitive damages in addition to treble damages are possible based on similar facts as those pleaded in the Complaint. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020) (holding a defendant does not need to show that punitive damages are "more likely than not," but that they are merely "possible"). The Court therefore includes treble damages, but not punitive damages, in the amount in controversy, as the higher amount is a better indicator of the "amount in dispute."

          **b)    Attorneys' Fees**

Plaintiffs also request attorneys' fees pursuant to Section 496(c) of the Penal Code. (*See* Compl., Prayer for Relief.) The Ninth Circuit has recently reiterated that "when a

statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922 (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Section 496(c) of the California Penal Code permits the plaintiff to recovery attorneys' fees, the Court must consider attorneys' fees as an element of the amount in controversy in this case.

While courts "must include future attorneys' fees recoverable by statute or contract when assessing" the amount in controversy, a removing defendant must establish the "amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold with summary-judgment-type evidence[.]" *Fritsch*, 899 F.3d at 795  A "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id*.  To determine the amount of attorneys' fees at stake, the removing party can provide an "estimate[] [of] the amount of time that the case will require" and an estimate of "plaintiff's counsel's hourly billing rate." *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

Defendants fail to proffer any evidence suggesting the approximate cost of Plaintiff's attorneys' fees. Defendants instead summarily state that "[i]f Plaintiff's attorney charges even $450 per hour, then he will incur over $27,129 after 61 hours of work." (NOR [Doc. 1] ¶ 25.) Defendants provide no basis, reasoning, or explanation for the estimated amount of time the case will require, let alone summary-judgment-type evidence. Thus, Defendants have not met their burden to show that any attorneys' fees are in controversy.

Even if the Court were to consider Defendants' estimated attorneys' fees ($27,129) in addition to the estimated treble damages ($11,968), the amount in controversy would equal $63,033.  Given the strong presumption against removal, the Court finds that Defendants have not met their burden of showing by a preponderance of the evidence that

the amount in controversy exceeds $75,000. *See Gaus*, 980 F.2d 564 at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (citations omitted).

### C. Request for Attorneys' Fees

In the Motion to Remand, Plaintiff requests an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that an order of remand "may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." A court has "wide discretion" in deciding whether to award attorneys' fees under this provision, and "bad faith need not be demonstrated." *Moore v. Permanente Med. Group*, 981 F.2d 443, 447–48 (9th Cir.1992). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). District courts retain discretion "to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. at 141. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id*. at 1066–67.

Plaintiff fails to specify why the Court should award her attorneys' fees. (*See generally* Doc. 6.) The Court finds that Defendants had multiple grounds where it could have reasonably asserted removal was proper. Its removal to this Court therefore was not objectively unreasonable. Accordingly, the Court declines to grant Plaintiff's attorneys' fees.

### IV. CONCLUSION

The Court **GRANTS** Plaintiff's Motion to Remand, **DENIES** Defendants' Motion to Dismiss as moot, and **REMANDS** this action to the Superior Court of the State of

California, County of San Diego.  Additionally, the Court **DENIES** Plaintiff's request for attorneys' fees and costs.

**IT IS SO ORDERED**.

DATE:  November 7, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE